**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0384-19

KATHLEEN CHERRY,
JONATHAN BESLER and
CARRIE BESLER, DAVID A.
HUSE and JULIA HUSE,
MARTIN KAHN and CANDICE
FEIRING,

      Plaintiffs-Respondents,

v.

ZIAD HADAYA and NADA E.
HADAYA,

      Defendants-Appellants,

and

MUNICIPALITY OF
PRINCETON, NEW JERSEY,

      Defendant.

_____

      Argued March 15, 2021 – Decided October 29, 2021

      Before Judges Sabatino, Gooden Brown, and
      DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-000042-17.

Wade D. Koenecke argued the cause for appellants (Stevens & Lee, attorneys; Suzanne M. McSorley and Wade D. Koenecke, of counsel and on the briefs).

Roger C. Martindell argued the cause for respondents.

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Defendants Ziad Hadaya and Nada E. Hadaya appeal from the August 14, 2019 order of the Chancery Division granting summary judgment against them in this action to enforce deed restrictions on their property and directing them to file a deed consolidating two lots they created through a subdivision. We affirm.

I.

The following facts are derived from the record. In 1928, three property owners conveyed by deed to William E. Dempsey a 9.43-acre parcel in Princeton. The property was bounded by Jefferson Road, Cuyler Road, Ewing Street, and land then owned by Walter B. Howe. Chestnut Street, later renamed Walnut Lane, crossed a portion of the parcel. At the time of the transfer, Dempsey owned land abutting the parcel.

A-0384-19

The 1928 deed contained, in relevant part, the following restrictions on the land conveyed:

> In accepting this deed the party of the second part, his heirs and assigns agrees that he will not subdivide the Jefferson Road frontage of this tract into lots of less than one hundred feet in width nor less than two hundred feet in depth.

> That only single houses shall be built on said road . . . and that no houses shall be nearer to said road than [fifty] feet, nor nearer to any party line than [twenty-five] feet . . . that no subdivision of the frontage on Cuyler Road into lots of less than [seventy-five] feet each shall be made, and that no houses shall be built on Cuyler Road nearer to said road than [fifty] feet, nor nearer to any party line than [twenty] feet.

> That no subdivision of the frontage on Chestnut Street shall be made into lots which are less than [fifty] feet wide . . . .

> That no houses shall be nearer to Chestnut Street than [twenty-five] feet.

Prior to 2008, the 9.43 acres conveyed in the 1928 deed was subdivided into eighteen lots. A nineteenth lot is comprised of land both in the deed-restricted area and outside the deed-restricted area. All of the lots are developed with one home and were not subdivided in violation of the deed restrictions.

In 2004, defendants purchased the only parcel in the deed-restricted area with frontage on Jefferson Road. The parcel, which is the largest in the deed-

 A-0384-19

restricted area, had approximately 150 feet of frontage on Jefferson Road and 270 feet of depth on both sides. Their lot was identified in the tax records of the municipality as Block 7007, Lot 4 (Lot 4). Deeds in the line of title to Lot 4 filed in 1953 and 1959 incorporate the restrictions in the 1928 deed. A title report and commitment for title insurance obtained by defendants prior to the purchase reference the restrictions in the 1928 and 1953 deeds. The 2004 deed transferring the property to defendants does not mention the 1928, 1953, or 1959 deed restrictions.

Plaintiff Kathleen Cherry owns the parcel that is partially in the deed-restricted area and partially outside the deed-restricted area. Plaintiffs Jonathan Besler and Carrie Besler own a parcel in the deed-restricted area next to Cherry's lot. The Cherry and Besler parcels adjoin defendants' property along its rear property line and have frontage of seventy-five feet or more on Dempsey Road, which did not exist at the time of the 1928 transfer and was created when the 9.43 acres was subdivided.

Plaintiffs Martin Kahn and Candice Feiring are successors in interest to the property owned by Dempsey adjoining the 9.43 acres at the time of the 1928 transfer. They own a parcel that adjoins defendants' property. Plaintiffs David A. Huse and Julia Huse are also successors in interest to the property owned by

4

Dempsey adjoining the 9.43 acres at the time of the 1928 transfer. Their property also adjoins defendants' parcel.

After obtaining Lot 4, defendants applied to the Princeton Regional Planning Board (Board) for a minor subdivision approval to subdivide Lot 4 into two lots, Lot 4.01 and Lot 4.02. The subdivision would permit a single-family house on each of the new lots. In 2008, the Board approved the application. The 1928 deed restrictions were not discussed at the Board meetings at which defendants' application was considered.[1]

In two deeds dated 2008, but not filed until 2014, defendants created Lot 4.01 and Lot 4.02. Lot 4.01 has 107.5 feet of frontage on Jefferson Road and a depth of 172.5 feet. Lot 4.02, a flag lot, has 42.5 feet of frontage on Jefferson Road and a depth of 270 feet. The 2008 deeds did not mention the 1928 deed restrictions, or incorporation of the restrictions in the 1953 and 1959 deeds.[2]

In 2015, defendants filed with the Board a major subdivision/site plan application and a minor subdivision/site plan application seeking to subdivide Lot 4.01 into two lots, which they proposed to designate as Lot 4.011 and Lot

[1] Defendants deny having "actual notice" of the deed restrictions when they purchased Lot 4, but concede they were aware of the deed restrictions in 2008.

[2] The Board conditioned approval of the subdivision on filing the subdivision deeds in 190 days. The six-year delay in filing is not explained in the record.

A-0384-19

4.012. The subdivision would allow the construction of a single-family house on Lot 4.011, Lot 4.012, and Lot 4.02, for a total of three single-family homes on what previously was Lot 4.

While defendants' 2015 application was pending, on May 15, 2017, plaintiffs filed a complaint in the Chancery Division seeking to enforce the 1928 deed restrictions on defendants' property. Plaintiffs alleged that the deed restrictions created a neighborhood scheme which they may enforce, either as successors to the 1928 transfer or as owners of property adjoining Lot 4. They also allege that the 2008 subdivision created lots that do not conform with frontage and depth restrictions in the 1928 deed and must be vacated.

Plaintiffs sought an order declaring the 2008 deeds null and void and merging Lot 4.01 and Lot 4.02 back into Lot 4. They also sought an order permanently enjoining defendants from proceeding with any application to develop Lot 4 in violation of the 1928 deed restrictions, either through the 2008 subdivision or the 2015 application for a subdivision of Lot 4.01.

On August 14, 2019, Judge Paul Innes entered an order granting plaintiffs' motion for summary judgment and denying defendants' cross-motion for summary judgment. The judge issued a comprehensive written opinion dated June 27, 2019 setting forth his findings of fact and conclusions of law.

6

Judge Innes began his analysis with defendants' argument that the 2008 subdivision of Lot 4 did not violate the 1928 deed restrictions. Applying concepts of contractual interpretation, he found that the 1928 deed clearly and unambiguously prohibited the subdivision of Lot 4 into lots with less than 100 feet of frontage on Jefferson Road. In doing so, the judge rejected defendants' claim that the 100-foot limitation in the deed applied to the width of subdivided lots on Jefferson Road after a subdivision, regardless of the length of their frontage on the road. Defendants argued unsuccessfully that because Lot 4.01 and Lot 4.02 were wider than 100 feet along their rear property lines, they complied with the deed restrictions.

The judge then turned to the question of whether plaintiffs had the right to enforce the deed restrictions on defendants' property. The court found that the authority to enforce development restrictions on burdened land "depends primarily on the covenant[] having been made for the benefit of other encumbered land, either retained by the grantor or [as] part of the perceptible neighborhood scheme." Judge Innes found that it is undisputed that the parcels owned by Kahn, Feiring, and the Huses are not in the 1928 deed chain of title and, as a result, not encumbered by the restrictions contained in the 1928 deed.

A-0384-19

Thus, the judge concluded, "these plaintiffs have no legal right to enforce the deed restrictions."

With respect to Cherry, and the Beslers, whose property was within the 1928 deed chain of title, Judge Innes examined whether the deed restrictions are intended to create an enforceable neighborhood scheme. Relying on our holding in Olson v. Jantausch, 44 N.J. Super. 380, 386 (App. Div. 1957), the judge concluded that the deed restrictions evidenced a clear intent to establish a neighborhood scheme because they: (1) applied to all lots of like character within the scheme; (2) are a benefit to all lots involved that are subject to the restrictions; and (3) are reasonably uniform as to the restrictions imposed.

The judge found that although the frontage limitations on the nineteen parcels in the original 9.43 acres differ depending on the roads that the parcels abut, all lots, except a few, have a minimum frontage requirement expressly established in the 1928 deed. Complete uniformity, the court concluded, is not required, provided that restrictions vary in accordance with a design of the original grantor. Judge Innes found that although the 1928 deed restrictions do not mention Dempsey Avenue, which did not exist in 1928, or Ewing Street, which forms the eastern border of the original 9.43-acre parcel, subsequent

8

subdivisions conveying lots on those roads, including the Cherry and Besler properties, honored the neighborhood scheme.[3]

In addition, the judge noted that the deed restrictions on frontage have been honored by successor owners on every street in the deed-restricted area since 1928, with one exception: the subdivision by defendants. Judge Innes rejected defendants' contention that the 100-foot frontage limitation on their property is not uniform because it is the only parcel in the deed-restricted area with a frontage limitation greater than seventy-five feet. The judge found that defendants' property is the only parcel in the original 9.43 acres with frontage on Jefferson Road, a wider street than the others bordering the original grant and along which adjoining parcels, not in the deed-restricted area, had at least 100 feet of frontage. The judge also found that the longer frontage requirement for defendants' parcel was necessary to prevent subdivision inconsistent with the neighborhood scheme.

---

[3] The judge found that lots on Dempsey Avenue have frontages of 100, 100, 135, 105, and 75 feet and lots on Ewing Street have frontages of 102, 102, and 87 feet. During discovery, Cherry admitted that the deed restrictions apply to her parcel. In addition, defendants admitted that the deed restrictions apply to the Besler parcel. Although Ewing Street existed at the time of the 1928 transfer, no parcel had frontage only on Ewing Street at that time. Parcels with frontage only on Ewing Street were later created through subdivision.

Having concluded that "[a]ll evidence and surrounding circumstances point to the establishment of a neighborhood scheme and there are no genuine issues of material facts that demonstrate otherwise," Judge Innes found that Cherry and the Beslers had the right to enforce the deed restrictions on defendants' property.

The judge also found that plaintiffs' conduct, changed circumstances, or equitable considerations do not preclude enforcement, or warrant modification, of the deed restrictions. Examining the eight factors established in Davidson Bros. v. D. Katz & Sons, Inc., 121 N.J. 196, 211-12 (1990), Judge Innes found that enforcement of the deed restrictions on defendants' property was reasonable. He concluded that the restrictions represented a reasonable plan to maintain larger lot sizes, preserve and maintain open space, and limit congestion in a residential neighborhood. In addition, the court found no changes in the neighborhood, public policy concerns, or abandonment of the neighborhood scheme that would warrant modification of the restrictions. The judge agreed with plaintiffs' argument that while some set back requirements on the nineteen lots in the neighborhood may have been violated since the 1928 transfer, the frontage requirements, which are critical to maintaining the character of the neighborhood, have not.

As a result of these conclusions, on August 14, 2019, Judge Innes entered an order granting summary judgment to Cherry and the Beslers, denying defendants' cross-motion for summary judgment, and directing defendants to prepare a deed, to be filed by plaintiffs' counsel, consolidating Lot 4.01 and Lot 4.02 into Lot 4.[4]

This appeal followed. Defendants raise the following arguments.

> POINT I
>
> THE TRIAL COURT SHOULD BE REVERSED AS NONE OF THE PLAINTIFFS HAS STANDING TO ENFORCE THE RESTRICTIONS IN THE 1928 DEED.
>
> A. THE DEED RESTRICTIONS DO NOT CREATE A NEIGHBORHOOD SCHEME; THEREFORE, THE RESTRICTIONS ARE NOT ENFORCEABLE BY PLAINTIFFS BESLER AND CHERRY.
>
> B. THE COURT BELOW PREDICATED ITS FINDING OF A NEIGHBORHOOD SCHEME ON ERRONEOUS FINDINGS WHICH ARE CONTRARY TO THE RECORD AND THE LAW.
>
> C. PLAINTIFFS BESLER AND CHERRY CANNOT ENFORCE THE DEED RESTRICTIONS,

---

[4] Although the August 14, 2019 order grants summary judgment to "plaintiffs," the parties agree Judge Innes found that Kahn, Feiring, and the Huses lacked the authority to seek enforcement of the deed restrictions on defendants' property. That aspect of the judge's decision has not been appealed. The judge stayed the August 14, 2019 order pending resolution of this appeal.

A-0384-19

REGARDLESS OF WHETHER THE 1928 DEED CREATED A NEIGHBORHOOD SCHEME.

D. NOT ONLY DO PLAINTIFFS NOT HAVE STANDING TO ENFORCE THE DEED RESTRICTIONS, BUT THE HADAYAS' SUBDIVISION GENERALLY CONFORMS WITH THE DEED'S SUBDIVISION RESTRICTION AND WILL HAVE NO DISCERNABLE EFFECT ON THE SO-CALLED "NEIGHBORHOOD SCHEME" OR ANY ASPECT OF THE NEIGHBORHOOD.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

12

In addition, the existence of a neighborhood scheme enforceable through deed restrictions "is a question of fact to be answered not only by the wording of the deeds but by the surrounding circumstances and the acts of the parties." Weinstein v. Swartz, 3 N.J. 80, 85-86 (1949) (quoting Humphreys v. Ibach, 110 N.J. Eq. 647, 652 (1932)). A restrictive covenant is a contract and the terms of that contract must be interpreted "in accord with justice and common sense." Homann v. Torchinsky, 296 N.J. Super. 326, 334 (1997). "Generally . . . , a rule of strict construction should be applied to the provisions, unless such a rule would defeat the obvious purpose of the restrictions." Id. at 335. "While such restrictive covenants are not favored and are strictly construed where there is ambiguity, courts determine and give effect to the intent of the parties expressed in the deed with reference to the attendant circumstances." Perelman v. Casiello, 392 N.J. Super. 412, 419 (App. Div. 2007). Whether a contract is clear or ambiguous is a question of law. Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997).

Having carefully reviewed defendants' arguments in light of the record and applicable legal principles, we affirm the August 14, 2019 order for the reasons stated by Judge Innes in his thorough and well-reasoned written opinion. We add the following comments.

We agree with the trial court's conclusion that defendants' strained interpretation of the 1928 deed restrictions as permitting a subdivision of their parcel into two lots, one of which has less than 100 feet of frontage, as long as both are at least 100 feet wide along their rear border to be inconsistent with the unambiguous intent of the original grantor to maintain minimum frontage requirements in the neighborhood. The deed restrictions focus on road frontage limitations, which are a key component of the character of a residential neighborhood, and not the rear property lines of parcels in the deed-restricted area.[5]

We recognize, as did the trial court, that the Cherry and Besler parcels are not expressly encumbered with frontage limitations in the 1928 deed because they front Dempsey Avenue, which did not exist at the time of the 1928 transfer. However, we find sufficient support in the record for the trial court's conclusion that those parcels, which were subdivided consistent with the neighborhood scheme in that they had at least 75 feet of frontage – the minimum for the adjoining Cuyler Road, were intended to be incorporated into the neighborhood

---

[5] In fact, the 1928 deed provides that "no fences shall be built in front of" houses on Jefferson Road, except where "such fences are made of living shrubs . . . ." This highlights the original grantor's focus on the characteristics of the street frontage of the lots in the neighborhood.

A-0384-19

scheme. See Weinstein, 3 N.J. at 85-86. As noted above, Cherry has conceded that the 1928 deed restrictions apply to her parcel and, during discovery, defendants admitted that the restrictions apply to the Besler property.

To the extent we have not specifically addressed any of defendants' remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0384-19